IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY DEAN CLAY,

      Plaintiff,               No. 2:11-cv-01269 MCE KJN P

    vs.

JOHN N. DIANA,[1]

      Defendant.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

---

[1] The court has inserted defendant's proper name; plaintiff has sued "Dr. Dianna, [with] Queen of the Valley Hospital."  (Dkt. No. 1 at 1.)

1

will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

1  (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more
2  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
3  allegations sufficient "to raise a right to relief above the speculative level." Id. However,
4  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
5  notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551
6  U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
7  quotations marks omitted). In reviewing a complaint under this standard, the court must accept
8  as true the allegations of the complaint in question, id., and construe the pleading in the light
9  most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

10         The court has construed plaintiff's brief complaint (Dkt. No. 1), together with the
11  medical records plaintiff subsequently filed (Dkt. No. 7). The only defendant named by plaintiff
12  is John N. Diana, M.D., a physician associated with Queen of the Valley Medical Center (St.
13  Joseph Health System), who performed plaintiff's knee replacement surgery on August 21, 2007.
14  Dr. Diana re-evaluated plaintiff on October 9, 2008, noting that "[o]verall, the patient has not
15  done particularly well from his knee replacement." (Dkt. No. 7 at 8.) Dr. Diana observed that
16  imaging studies were normal and there appeared to be no structural problem, so he "would not
17  recommend any operative intervention related to it at this time." (Id.) Dr. Diana also observed
18  that plaintiff was under a chronic pain management program, including narcotic medication; he
19  recommended the use of a short-hinged knee brace, physical therapy, weight loss, and follow-up
20  in two years. (Id.) Similar recommendations were made in February 2008, by a Dr. David
21  Smith, who also appears to be a private physician. (Id. at 7.)

22         Plaintiff contends that his knee is unstable and inflexible, and causes him constant
23  pain and stress. He asserts that "Dr. Diana is responsible," and that the failure of his surgery and
24  failure to subsequently repair it constitute cruel and unusual punishment. (Dkt. No. 1 at 3.)
25  Plaintiff adds that he is "appalled how the hospital treated me and all so (sic) Solano State prison
26  doctors." (Id. at 4.) Plaintiff seeks damages and asks that "the state . . . fix the problem and

A.S.A.P." (Id. at 3.)

While plaintiff may be able to state a potentially cognizable Eighth Amendment claim,[2] the named defendant appears to be a private party with whom the state may have contracted to provide medical care to plaintiff during his incarceration. A constitutional claim alleged pursuant to 42 U.S.C. § 1983 is premised on "state action."[3] In this context, "[t]he Supreme Court has 'insisted that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State.'" Price v. State of Hawaii, 939 F.2d 702, 708 (9th Cir. 1991), quoting Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937, 102 S. Ct. 2744, 2753 (1982). "A person may become a state actor by conspiring with a state official . . . or by engaging in joint activity with state officials. A person may also become a state actor by becoming so closely related to the State that the person's actions can be said to be those of the State itself. That might be found because the nexus is so close as to cause the relationship to be symbiotic. It might also be for such other reasons as performing public functions or being regulated to the point that the conduct in question is practically compelled by the State." Price, supra, 939 F.2d at 708 -709 (citations omitted). Dr. Diana's relationship with the state must be specifically alleged; conclusory allegations are insufficient to render a private party a state actor for purposes of

---

[2] "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" in violation of the Eighth Amendment, actionable pursuant to 42 U.S.C. § 1983. Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation and internal quotation marks omitted). "Deliberate indifference" is evidenced when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 835 (1994). However, "[m]ere negligence is insufficient for liability. An official's failure to alleviate a significant risk that he should have perceived but did not . . . cannot under our cases be condemned as the infliction of punishment. Instead, the official's conduct must have been wanton, which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (citations and internal quotations omitted).

[3] Section 1983 provides in pertinent part that "(e)very person who, *under color of any statute of any state* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." (Emphasis added.)

Section 1983.

In addition, Section 1983 requires that there be an actual connection or link between the alleged actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court finds the allegations in plaintiff's complaint too vague to determine whether this action states a potentially cognizable claim against a proper defendant.  While Dr. Diana may indeed be a proper defendant, his relationship to the California Department of Corrections and Rehabilitation must be specifically alleged.  In addition, because the challenged surgery took place in 2007, and plaintiff alleges a continuing failure to obtain adequate medical care, this allegation is logically made against plaintiff's medical providers since 2007, through the current time; that is, it appears that there are other defendants whom plaintiff may be intending to name.  In doing so, plaintiff must allege with particularity the overt acts allegedly engaged in by each specific defendant.  Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and state the elements of plaintiff's claims plainly and succinctly.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  The complaint must also allege in specific terms how each

5

1 named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there
2 is some affirmative link or connection between a defendant's actions and the claimed
3 deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588
4 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil
5 rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
6       Plaintiff is informed that the court cannot refer to a prior pleading in order to
7 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
8 complaint be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375
9 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
10 longer serves any function in the case. Therefore, in an amended complaint, as in an original
11 complaint, each claim and the involvement of each defendant must be sufficiently alleged. An
12 amended complaint should include as attachments all pertinent documents. In the present case,
13 plaintiff should attach to his amended complaint the documents separately filed on June 3, 2011
14 (Dkt. No. 7), and any other relevant documents—these papers should be combined in a single
15 document and attached as exhibits to plaintiff's amended complaint.
16       In accordance with the above, IT IS HEREBY ORDERED that:
17       1. Plaintiff's request for leave to proceed in forma pauperis is granted.
18       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
19 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
20 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
21 Director of the California Department of Corrections and Rehabilitation filed concurrently
22 herewith.
23       3. Plaintiff's complaint is dismissed.
24       4. Within thirty days from the date of this order, plaintiff shall complete the
25 attached Notice of Amendment and submit the following documents to the court:
26       a. The completed Notice of Amendment; and

6

      b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED:  June 21, 2011

        _____
        KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

clay1269.14new.kjn

1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY DEAN CLAY,

        Plaintiff,                    No. 2:11-cv-01269 MCE KJN P

    vs.

JOHN N. DIANA,

        Defendant.              <u>NOTICE OF AMENDMENT</u>

_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

        _____      Amended Complaint

_____        _____
Date                                                                  Plaintiff