1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LARRY DEAN CLAY,

11            Plaintiff,                    No. 2:11-cv-1269-MCE-KJN-P

12        vs.

13   JOHN N. DIANNA, et al.,

14            Defendants.            <u>ORDER</u>

15   _____/

16            On November 2, 2012, sole remaining defendant, Dr. John Diana (previously and

17   incorrectly spelled "Dianna"), filed a motion to dismiss, pursuant to Federal Rule of Civil

18   Procedure 12(b)(6), and 28 U.S.C. § 1915(d).  (Dkt. No. 19.)  Plaintiff's opposition or statement

19   of opposition was due within twenty-one (21) days.  Local Rule 230(*l*).  This period expired

20   without plaintiff filing an opposition or statement of non-opposition.  <u>Id.</u>  Moreover, plaintiff has

21   not otherwise communicated with the court.

22            On August 29, 2011, plaintiff was advised of the deadline and requirements for

23   opposing a motion to dismiss.  (Dkt. No. 12.)  Although the Ninth Circuit Court of Appeals

24   subsequently ruled that notice of such requirements must be contemporaneous with the filing of a

25   motion to dismiss premised on an alleged failure to exhaust administrative remedies, <u>see</u> <u>Woods</u>

26   <u>v. Carey</u>, 684 F.3d 934, 936 (9th Cir. 2012 ), defendant's instant motion is premised on the

alleged failure to state a claim.  Accordingly, it is not necessary to provide further notice to plaintiff of the requirements for opposing defendant's motion.

The Local Rules of this court provide that, "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  Local Rule 230(*l*).  In addition, Local Rule 110 provides that failure to comply with the Local Rules or an order of this court, "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Finally, Rule 41(b), Federal Rules of Civil Procedure, provides:

> Involuntary Dismissal; Effect.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

Pursuant to these authorities, and good cause appearing, IT IS HEREBY ORDERED that:

1.  Within twenty-one (21) days after the filing date of this order, plaintiff shall serve and file an opposition, or statement of non-opposition, to defendant's motion to dismiss.

2.  Failure of plaintiff to file an opposition within this deadline shall be deemed as plaintiff's consent to have this action dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED:  February 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/clay1269.noopppo.kjn

2